# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS



ENTERED
01/12/2009

In re: **THE STEPHENS COMPANY**
Debtor

Case # **06-30674**
Chapter **11**

#388

## ORDER DIRECTING PAYMENT
## OF UNCLAIMED FUNDS TO CREDITOR/CLAIMANT

Upon the application of **JM Partners LLC, Assignee of and successor-in-interest to Stephen Cherry,** seeking payment of **$ 918.47** representing funds previously unclaimed by:

Stephen Cherry
10111 Charmont
La Porte, TX 77571

a creditor or debtor in the above-entitled case, and it appearing from the application and supporting documentation that **JM Partners LLC** is entitled to the unclaimed funds, it is

Ordered that the Clerk pay **$ 918.47** to:

JM Partners LLC
PO Box 29940
Richmond, VA  23242-0940

Signed this _____ day of ____JAN 0 9 2009____, _____.

_____
United States Bankruptcy Judge

**Unclaimed Funds Distribution Order Checklist**

06-30674-H5-11
Reviewed by: ag
Date: 12/23/2008

| Yes | No | | |
|---|---|---|---|
| ☐ | ☒ | 1. | Applicant __JM Partners LLC__ is the original claimant. |
| ☒ | ☐ | 2. | Applicant's signature is notarized. |
| ☒ | ☐ | 3. | Amount being requested is identical to the amount on deposit on behalf of original (if no, explain) _____ |
| ☒ | ☐ | 4. | Certificate of Service on U.S. Attorney and U.S. Trustee. |
| ☒ | ☐ | 5. | Proposed Order for Payment of Unclaimed Funds. |

☐ **Individual Claimant (without representation):**

| | | | |
|---|---|---|---|
| ☐ | ☐ | a. | Current photo identification issued by a government agency (copy of current driver's license or passport for each claimant). |
| ☐ | ☐ | b. | Include legible copies of supporting documents establishing the address of record at time of the other utility bill. |
| ☐ | ☐ | c. | If claiming on behalf of a deceased party, please include a copy of: |
| ☐ | ☐ | | 1. A death certificate; |
| ☐ | ☐ | | 2. Appropriate probate documents which substantiate applicants right to act on behalf of decedent's estate. |

☐ **Active Corporation:**

| | | | |
|---|---|---|---|
| ☐ | ☐ | a. | Current franchise tax corporate status in state of incorporation; |
| ☐ | ☐ | b. | A current list of officers and directors; |
| ☐ | ☐ | c. | Copy of Articles of Incorporation, Article of Merger or Successor Corporation, etc.; |
| ☐ | ☐ | d. | An imprint of the corporate seal; |
| ☐ | ☐ | e. | Business card reflecting claimants' name, officer or representative's name and title attached to company letterhead stationery; |
| ☐ | ☐ | f. | A photocopy of representative's identification credentials. |

☐ **Inactive Corporation:**

| | | | |
|---|---|---|---|
| ☐ | ☐ | a. | Current franchise tax corporate status in state of incorporation; |
| ☐ | ☐ | b. | A final list of officers and directors; |
| ☐ | ☐ | c. | Copy of Articles of Incorporation, Articles of Merger or Successor Corporation, etc.; |
| ☐ | ☐ | d. | Articles of Dissolution; |
| ☐ | ☐ | e. | Date and list of final distribution of assets. |

☐ **Sole Proprietorship:**

| | | | |
|---|---|---|---|
| ☐ | ☐ | a. | Documents substantiating the identity of the sole proprietor and the name under which the business was conducted; |
| ☐ | ☐ | b. | Documents showing business address at the time of the bankruptcy case (copy of invoice, a sales tax permit, business license). |

☐ **Partnership:**

| | | | |
|---|---|---|---|
| ☐ | ☐ | | Written documentation from all partners authorizing the representative to claim the funds on their behalf. |

☒ **Claimant Represented by Funds Locator:**

| | | | |
|---|---|---|---|
| ☒ | ☐ | a. | An original power of attorney with notarized signature; |
| ☒ | ☐ | b. | Specific claimant entity requirements as previously described. |

United States District Court
Southern District of Texas
FILED

OCT - 3 2008

Michael N. Milby, Clerk

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS

In re: **THE STEPHENS COMPANY**  
Debtor

Case # **06-30674**  
Chapter **11**

## Application for Payment of Unclaimed Funds and Certificate of Service

1. I am making application to receive **$ 918.47**, which was deposited as unclaimed funds on behalf of **Stephen Cherry.**  
*(name of original creditor/debtor).*

2. Applicant is entitled to receive the requested funds, has made sufficient inquiry and has no knowledge that any other party may be entitled to, and is not aware of any dispute regarding the funds at issued based upon the following *(check the statement(s) that apply)*:

   ☐ a. Applicant is the creditor/debtor named in paragraph 1, and the owner of the funds appearing on the records of this Court, as evidenced by the attached documents.

   ☐ b. Applicant is the attorney in fact for the creditor/debtor named in paragraph 1, with authority to receive such funds, or who is authorized by the attached original Power of Attorney to file this application on behalf of the creditor/debtor.

   ☐ c. Applicant is the assignee or successor-in-interest of the creditor/debtor named in paragraph 1, or the representative of the assignee or successor-in-interest, as evidenced by the attached documents establishing chain of ownership and/or assignment.

   ☐ d. Applicant is a duly authorized corporate officer (if a corporation) or a general partner (if a partnership) and a representative of the creditor/debtor named in paragraph 1.

   ☐ e. Applicant is the representative of the estate of the deceased creditor/debtor named in paragraph 1, as evidenced by the attached certified copies of death certificate and other appropriate probate documents substantiating applicant's right to act on behalf of the decedent's estate.

   ☑ f. None of the above apply. As evidenced by the attached documents, applicant is entitled to these unclaimed funds because:  
   **Applicant is the Assignee of, and successor-in-interest to the original creditor with respect to the funds in question, per the evidence attached herewith.**

3. I understand that pursuant to 18 U.S.C.§ 152, I could be fined no more that $5,000, or imprisoned not more than five years, or both, if I have knowingly and fraudulently made any false statements in this document or accompanying supporting documents. I further understand that any indications of fraud detected by the Court will be turned over to the U.S. Attorney for possible prosecution.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements and information are true and correct.

Dated: **September 30, 2008**    Applicant's Signature _____
                                  Applicant's Name:   **John J. Marshall / Manager**
                                                      **JM Partners LLC**
                                  Address:            **PO Box 29940**
                                                      **Richmond, VA  23242-0940**
                                  Phone:              **(804) 749-2972**

Subscribed and sworn before me this **30** day of **September, 2008**

_____
Notary Public
State of **Virginia**   County of **Henrico**
My commission expires **September 30, 2009**

Attachments:   1. **Creditor Evidence Package**
               2. _____
               3. _____
               4. _____

> NANCY A. LANG
> Notary Public
> Commonwealth of Virginia
> My Commission Expires Sep 30, 2009

**Certificate of Service**

I certify that on **September 30, 2008** (date), a true and correct copy of this application for payment of unclaimed funds was served by first class United States Mail on the following:

**U.S. Attorney**
**P.O. Box 61129**
**Houston, TX 77208**

**U.S. Trustee**
**515 Rusk Ave., Ste.3516**
**Houston, TX 77002**

Assignor:
**Stephen Cherry**
**7878 Spencer Hwy #808**
**Pasadena, TX 77505**

Debtor:
**The Stephen's Company**
**PO Box 14516**
**Houston, TX 77221**

Debtor's Counsel:
**Lynn Chuang Kramer, Esq**
**c/o Munsch Hardt Kopf & Harr PC**
**700 Louisiana Street  Ste 4600**
**Houston, TX 77002**

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**

**HOLDER: USBC Texas Southern**
**CASE # 06-30674 The Stephens Company**
**CLAIMANT: John J. Marshall,** *as Assignee of* **Stephen Cherry**

| | |
|---|---|
| **Evidence of Funds Deposit** | 1 |
| **Complete Assignment Package** | 2 |
| **Affidavit of John J. Marshall** | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

**Brief History Statement & Recap of Supporting Evidence:**

Stephen Cherry is/was the Creditor ("Creditor") with respect to the unclaimed funds. Creditor changed addresses since the case was filed, and neglected to update the address with the Court, Trustee or Debtor, which likely is what lead to the unclaimed funds.

John J. Marshall ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Creditor, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. The Creditor elected to sell and assign the account and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, John J. Marshall makes this application as the Assignee and Owner of the funds in question.

**Prepared & Submitted by:**

**JM Partners LLC**
**PO Box 29940**
**Richmond, VA 23242-0940**
**Phone 804-740-2972**
**jmp.financial@verizon.net**

Case 06-30674   Document 399   Filed in TXSB on 01/09/09   Page 6 of 12

Case 06-30674   Document 388   Filed in TXSB on 10/03/2008   Page 4 of 12
Case 06-30674   Document 375-2   Filed in TXSB on 04/23/2008   Page 1 of 2

**EXHIBIT "A"**

PLEASE CHECK ONE:

_____   Small Dividends
√   Unclaimed Dividends

| Claimant | Amount |
|---|---|
| Ana Luisa Salazar<br>3812 Pin Oak Dr.<br>Pearland, TX 77581 | $ 223.23 |
| Browning Ferris<br>PO Box 207910<br>San Antonio, TX 78220 | $ 68.20 |
| Glenda Respondak<br>10811 Greem Hollow<br>San Antonio, TX 78223 | $ 271.60 |
| International Palm Beach<br>10123 Umberland Place<br>Boca Raton, FL 33428 | $ 300.79 |
| Leonard Wachowiak<br>PO Box 171086<br>Arlington, TX 76003 | $ 522.67 |
| Leonard Wachowiak<br>PO Box 171086<br>Arlington, TX 76003 | $ 263.97 |
| Maintenance Unlimited<br>622 W Rhapsody<br>Suite B<br>San Antonio, TX 78216 | $ 82.97 |
| Maintenance Unlimited<br>622 W Rhapsody<br>Suite B<br>San Antonio, TX 78216 | $ 41.90 |
| MD Building Products<br>PO Box 847310<br>Dallas, TX 75284 | $ 745.98 |
| Nicholas Garcia<br>4120 Hain Street<br>Houston, Texas 77009 | $ 465.76 |
| Nicholas Garcia<br>4120 Hain Street<br>Houston, Texas 77009 | $ 235.22 |
| Plaza Ceramics<br>801 Brickell Ave.<br>Suite 2320<br>Miami, FL 33131 | $ 11,255.66 |
| Plaza Ceramics<br>801 Brickell Ave.<br>Suite 2320<br>Miami, FL 33131 | $ 5,684.52 |

Case 06-30674   Document 399   Filed in TXSB on 01/09/09   Page 7 of 12

Case 06-30674   Document 388   Filed in TXSB on 10/03/2008   Page 5 of 12
Case 06-30674   Document 375-2   Filed in TXSB on 04/23/2008   Page 2 of 2

| | | |
|---|---|---|
| Republic Waste Services<br>PO Box 9001813<br>Louisville, KY 40290-1813 | $ | 46.58 |
| Southwestern Bell Dallas<br>PO Box 930170<br>Dallas, TX 75393 | $ | 55.61 |
| Southwestern Bell Dallas<br>PO Box 930170<br>Dallas, TX 75393 | $ | 28.08 |
| Southwestern Bell Dallas<br>Encore Receivable Mgt.<br>PO Box 3330<br>Olathe, KS 66063 | $ | 728.99 |
| Southwestern Bell Dallas<br>Encore Receivable Mgt.<br>PO Box 3330<br>Olathe, KS 66063 | $ | 368.17 |
| Stephen Cherry<br>10111 Charmont<br>La Porte, TX 77571 | $ | 610.27 |
| Stephen Cherry<br>10111 Charmont<br>La Porte, TX 77571 | $ | 308.20 |
| Terminix Intl<br>1903 Joe Stephens Ave.<br>Weslaco, TX 78596 | $ | 32.87 |
| Terminix Intl<br>1903 Joe Stephens Ave.<br>Weslaco, TX 78596 | $ | 16.60 |
| The CIT Group<br>1211 Ave of the Americans<br>New York, NY 10036 | $ | 1,027.34 |
| Unishippers<br>PO Box 690305<br>Houston, Texas 77269 | $ | 28.94 |
| TOTAL | $ | 23,414.12 |

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

**HOLDER: USBC Texas Southern**
**CASE # 06-30674 The Stephens Company**
**CLAIMANT: John J. Marshall,** *as Assignee of* **Stephen Cherry**

| | |
|---|---|
| Purchase & Assignment of Interest | 1 |
| Bill of Sale | 2 |
| Affidavit of Assignor | 3 |
| Photo ID of Assignor | 4 |
| Supporting Evidence Items | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

**Brief History Statement & Recap of Supporting Evidence:**

Stephen Cherry is/was the Creditor ("Creditor") with respect to the unclaimed funds. Creditor changed addresses since the case was filed, and neglected to update the address with the Court, Trustee or Debtor, which likely is what lead to the unclaimed funds.

John J. Marshall ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Creditor, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. The Creditor elected to sell and assign the account and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, John J. Marshall makes this application as the Assignee and Owner of the funds in question.

**Prepared & Submitted by:**

JM Partners LLC
PO Box 29940
Richmond, VA 23242-0940
Phone 804-740-2972
jmp.financial@verizon.net

## PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **September 18, 2008** by and between **Stephen Cherry, 7878 Spencer Hwy #808, Pasadena, TX 77505** ("Seller") and **JM Partners LLC, ATTN: John J. Marshall, 12201 Gayton Road, Suite 220, Richmond, VA 23238-8203 (or via mail to PO Box 29940, Richmond, VA 23242-0940)** (hereinafter "Buyer").

### RECITALS

A. Seller was / is a creditor in **Bankruptcy Case # 06-30674 (Debtor: The Stephens Company)** as was filed in the **United States Bankruptcy Court for the Southern District of Texas** (hereinafter the "Bankruptcy Case"). In their capacity as creditor, Seller was entitled to that certain distribution of funds in the amount of **$ 918.47** (hereinafter "Funds"), which remittance was attempted by the Trustee at the debtor's last known address. Such remittance was never negotiated, however, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042.

B. Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of their interest in Funds - Seller desires to legally Sell and Assign his interest in such Funds, and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same, and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, the parties agree as follows:

### ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS

1.1 Assets to be assigned: Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title, and interest of Seller in and to the following described Property: **THAT CERTAIN UNCLAIMED FUNDS** account in the amount of **$ 918.47**, as is held for the benefit of Seller, on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the Southern District of Texas**, and as is evidenced by the attachments hereto, as well as the Claim which generated such funds.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign – and Buyers intent, desire, and notice to accept such assignment – of the Assets identified in paragraph 1.1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase: The purchase price shall be **$ 688.85** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement (or, at the Sellers Option, shall be remitted via wire transfer immediately upon receipt of the executed documents validating the transaction), and the providing of all documents required to prove both ownership and assignment.

1.4 To the extent necessary under applicable law (but only to such extent), Seller hereby irrevocably appoints Assignee or John J. Marshall as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

### ARTICLE 2 – CLOSING

2.1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents. At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required. Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents. Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2.2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including, but not limited to, legal fees, accounting fees, consulting fees, and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses.

### ARTICLE 3 - REPRESENTATIONS AND WARRANTIES

3.1 State of Title and AS IS Sale. Seller has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character, whether expressed or implied, oral or written, past, present or future, of, as to, concerning or with respect to the Funds, or the legal requirements that Buyer shall have to collect same.

3.2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date:

(a) Buyer is experienced in these matters, and is qualified to transact the business detailed in this Agreement. (b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms. (c) The execution and delivery of this Agreement does not conflict with, violate, or constitute a default under the terms, conditions, or provisions of any

agreement or instrument to which Buyer is a party, or any law, judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with any governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement.

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer, each of which is true and correct as of the date of this Agreement, and will be true and correct as of the Closing Date: (a) Seller is the party defined in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Funds to any third party, in whole or in part.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

## ARTICLE 4 - COVENANTS

4.1 Documentation to Effect Transfer. Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer – though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

## ARTICLE 5 - GENERAL PROVISIONS

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein.

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE: If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery), (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing:

(i) IF TO SELLER:

Stephen Cherry
7878 Spencer Hwy #808
Pasadena, TX 77505

(ii) IF TO BUYER:

JM Partners LLC
ATTN: John J. Marshall / Manager
12201 Gayton Road, Suite 220
Richmond, VA 23238-820
Phone 804-740-2972

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts. This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Seller: _____
Stephen Cherry
An Individual

Buyer: _____
John Marshall / Manager
For: JM Partners LLC

# BILL OF SALE

| SELLER: | Stephen Cherry<br>7878 Spencer Hwy #808<br>Pasadena, TX 77505 |
|---|---|

In consideration of the sum of:

*Six Hundred Eighty-Eight Dollars & 85/100 ($ 688.85)*

I, *Stephen Cherry* *acting in my individual capacity* (hereinafter "SELLER"), hereby sell, convey, and transfer all rights, title and interest to the below referenced bankruptcy claim – as well as the Unclaimed Funds Account in the amount of *$ 918.47* that was generated via Trustee's Deposit as entered by the Clerk on the records of the Court - to: **JM Partners LLC, ATTN: John J. Marshall, of 12201 Gayton Road, Suite 220, Richmond, VA   23238-8203 (MAIL: PO Box 29940, Richmond, VA   23242-0940) (hereinafter referred to as BUYER)**

## CLAIM INFORMATION / ITEM(S) BEING SOLD:

| Creditor: | The Stephens Company | Case # | 06-30674 |
|---|---|---|---|
| Court: | US Bankruptcy Court for the Southern District of Texas | Chapter: | 11 |

| Type | Filed By / Comments |
|---|---|
| BK Claim(s) | Scheduled |

Signature - Stephen Cherry

MARIA S RIVERA
My Commission Expires
January 24, 2012

Subscribed and Sworn before me this 25th day of September 2008

Notary Public: Maria S. Rivera

My Commission Expires: 1-24-2012

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: **The Stephens Company** <br> Debtor | Case # **06-30674** <br> Chapter **11** |

## AFFIDAVIT AND IDENTIFICATION OF CREDITOR / SELLER'S AUTHORIZED REPRESENTATIVE

I, **Stephen Cherry, acting in my individual capacity ("Creditor" or "Seller")**, am the Creditor in this matter, and declare as follows:

1) Creditor was the original filer of a claim in this case which is noted as being on the clerk's register of claims in this case. Creditor has been made aware of the fact that it is due certain funds as a dividend for this claim – in the amount of **$ 918.47** - which the Trustee attempted to send to Creditor at the last known address, and as is referenced on the attached Report of Deposit of Unclaimed Funds.

2) Creditor's address has changed, which apparently resulted in the funds being returned, and remitted on to the Registry of such unclaimed funds. Evidence of both the former and present address is provided herewith. Likewise, evidence of ID and Authority are included.

3) Creditor has knowingly and consciously decided to sell and assign any and all interest in such funds to **JM Partners LLC**, as evidenced by both the attached Bill of Sale, and the attached Purchase and Assignment Agreement, which includes the Transfer of the underlying claim itself, to the extent applicable to these funds. I hereby grant all interest in such claim and the funds generated by same to **JM Partners LLC**, and agree to provide any further court required supporting evidence, or execute any other required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the purchaser.

4) Creditor has not previously sold the Claim or rights to same to any other party, and is still the owner of the claim. Creditor has not previously collected the Unclaimed Funds account, nor assigned, sold or encumbered the account or rights to the account. Creditor has no other pending application for the release of the funds, nor has Creditor contracted with any other party to make such an application. Creditor is thus entitled to payment, and is selling all such rights and entitlement solely to **JM Partners LLC.**

I hereby certify under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

**Stephen Cherry**
Name of Creditor

SS# 7310 (last 4 digits only!)

Sworn to and Subscribed before me on this

_Maria S. Rivera_
NOTARY PUBLIC

*Signature* – Stephen Cherry

Current Telephone ( 281 ) 224 - 7307

20th day of September, 2008

State of Texas

City/County of Harris



MARIA S RIVERA
My Commission Expires
January 24, 2012